### NEW JERSEY BOILER CO. v. CONCORD CONST. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

CONTRACTS—BUILDING APPLIANCES—CONSTRUCTION.

> A contract for the construction of a steel tank for a school building consisted of certain letters and a part of the specifications of the board of education made a part of the agreement by reference in the letters. Plaintiff agreed to deliver the tank f. o. b. on the sidewalk at No. 7 D. street, the letters also providing that the tank should be of the dimensions therein specified, and the specifications declared that it should be made up in sections,"riveted and caulked." *Held*, that the specifications requiring plaintiff to assemble the parts were a part of the contract, and were not referred to merely for the purpose of fixing the dimensions of the tank.

Appeal from Municipal Court. Borough of Manhattan. First District.

Action by New Jersey Boiler Company against the Concord Construction Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Bassett, Thompson & Gilpatric, for appellant.

W. T. Croak, for respondent.

DAVIS, J. The plaintiff and defendant entered into a contract, by the terms of which the plaintiff agreed to furnish a steel tank for use as a boiler pan in a school building in Delancey street, then being erected by the defendant under a contract with the board of education. The agreement between the parties is shown by two letters passing between them, and a part of the specifications of the board of education is made part of the agreement by reference thereto in these letters. The tank was to be delivered f. o. b. on the sidewalk of No. 7 Delancey street and East river. It appears from these letters that the tank was to be of the dimensions therein specified, and furthermore it appears from the printed specifications furnished by the board of education that the "pan shall be made up in sections, riveted and caulked, and shall be made perfectly watertight" and painted on both sides with two coats of paint. The plaintiff delivered the materials for the tank, but unassembled, on the sidewalk of No. 7 Delancey street. It refused to put the parts together and rivet them. Thereupon the defendant did this work at a cost of $254.88, which was a reasonable charge for the work according to the evidence. The defendant has paid $450 on account, and the plaintiff brought this suit to recover $173.50, the balance claimed to be due on the contract. The plaintiff claims that it completed its contract when it delivered the unassembled parts of the tanks, and that the specifications of the board of education were referred to merely to fix the dimensions of the tank, and not to determine the kind and quality of the tank. I think this position is untenable. The dimensions were fully set forth in the letter, and a reference to the specifications was not necessary for that purpose; but the quality of the tank as being riveted, caulked, and watertight, was supplied by the specifications. It seems clear from the documentary evidence that the plaintiff was to furnish a

completed tank, to be delivered on the sidewalk at No. 7 Delancey street, and when it refused to rivet the parts together and caulk the tank and make it water tight and paint it, it failed to carry out its contract with the defendant.

Under the circumstances the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.